1
2
3
4
5
6
7
8
9                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
10                                    AT TACOMA
11

12   PEGGY PHELPS, a single person; JUDY
     GRANT, a single person; DIANA HOUSE, a
13   single person; SUSAN MATTHEWS, a single        Case No.  C06-5512RJB
     person; ANGELA CREEL, a single person;
14   MICHELLE CORY, a single person; JEFF
     ROWLING and BRENDA ROWLING,                     ORDER
15   husband and wife, and the marital community
     thereof; CHARLES DOONAN, a single
16   person; and THARA EANG and CRYSTAL
     EANG, husband and wife, and the marital
17   community thereof,

18                        Plaintiffs,

19              v.

20   OCEAN SHORES ASSOCIATES, L.P., a
     Washington limited partnership; and
21   OLYMPIC MANAGEMENT CO., a
     Washington corporation; and THE UNITED
22   STATES OF AMERICA,

23                        Defendants.

24

25        This matter comes before the Court on Plaintiffs' Motion for Continuance of Defendant Olympic

26   Management's Motions for Summary Judgment Under Rule FRCP 56(f) and Continuance of Discovery

27   Deadline.  Dkt. 61.  The Court has reviewed all documents filed in support of and in opposition to these

28   motions, has reviewed the entire file, and is fully advised.

ORDER
Page - 1

## I.    BASIC and PROCEDURAL FACTS

Originally filed in Grays Harbor County Washington in 2004, this action was removed to this Court on September 7, 2006 by the United States of America.  Dkt. 1.  The case concerns allegations of personal injury and property damage caused by the conditions at a federally subsidized apartment complex for very low, low, and moderate income families.  Dkt. 4-2, at 3-21.  The apartment complex, known as the Dune Grass Apartments, is located at 807 Anchor Avenue NW, Ocean Shores, Washington.  Dkt. 4-2, at 4. Plaintiffs allege that the "moisture related problems, including mold intrusion, bird infestation, and methamphetamine contamination have rendered the units of Plaintiffs uninhabitable or partially uninhabitable, and these conditions pose actual or potential health and safety hazards to the Plaintiffs." Dkt. 4-2, at 17.  Plaintiffs allege that Defendants had actual and/or constructive knowledge of these conditions.  Dkt. 4-2.  Plaintiffs assert five claims: 1) breach of the Landlord Tenant Act, RCW 59.18, *et seq.*, 2) breach of contract, 3) breach of the implied warranty of habitability, 4) premises liability and negligence, and 5) negligent infliction of emotional distress.  Dkt. 4-2, at 11-19.

The First Amended Complaint names the following Defendants:  Ocean Shores Associates, L.P., ("Ocean Shores"), Olympic Management Company ("Olympic"), and the United States of America.  Dkt. 4-2.  A brief review of the history of the apartment complex and the various entities involved with it is helpful.  The First Amended Complaint alleges that in 1987 and 1988, Defendant Ocean Shores entered into an agreement or agreements with the Rural Housing Service for the United States Department of Agriculture ("Rural Housing Service") in connection with the financing, construction and operation of the apartment complex.  Dkt. 4-2 at 11.  Ocean Shores is a Washington limited partnership, with Michael A. McKean and Northwest Community Housing Corporation originally as General Partners.  Dkts. 25-2, and 25-3.  In 1996, the apartment complex was placed in receivership, and the Rural Housing Service was appointed Receiver for this and several other apartment complexes.  *United States of America v. McKean,* Case No. 96-5879-FDB, (Western District of Washington at Tacoma 1996).  As Receiver, the Rural Housing Service was given "all powers, authorities, rights and privileges" previously possessed by the general partners and managing general partners of the "partnerships under applicable state and federal law and by the partnership agreement of said partnerships, in addition to all powers and authority conferred upon the Receiver by the provisions of 28 U.S.C. § 754."  Dkt. 25-3, at 2.  Michael A. McKean and

1   Northwest Community Housing Corporation were dismissed as general partners and managing partners.

2   *Id.*  Further, the Rural Housing Service, as Receiver, was to "assume and control the operation of the

3   partnership" and was to "pursue and preserve all of its claims and assets."  *Id.*

4       In 1996, Defendant Olympic began managing the apartment complex. Dkt. 20, at 2.  Beginning in

5   1999, management agreements between Olympic, as "Agent," and Ocean Shores, as "Owner," were

6   executed for the management of the apartment complex.  *Id.*  Under the management agreement, Olympic,

7   as "Agent" is responsible for day to day management of the apartment complex including:  marketing and

8   renting the units, producing reports, collecting the rent, creating a budget, and maintaining and repairing

9   the buildings and grounds.  Dkt. 20.  The "Owner," is responsible under the management agreement for the

10  "finances and the financial stability" of the apartment complex.  Dkt. 20, at 14.  Olympic is required to gain

11  the "Owner's" approval for  expenditures over $2,500 for maintenance and repairs.  Dkt. 20, at 9.

12      Olympic moves for summary dismissal of Plaintiff Peggy Phelps' claims arguing that: 1) Phelps has

13  failed to provide any expert opinions linking her medical complaints to elevated levels of mold and

14  moisture at the apartment complex, and 2) although Olympic's discovery requests ask Phelps to provide

15  the evidence of the causal connection between her medical conditions and her tenancy at the complex, her

16  Fed. R. Civ. P. 26(a) disclosures fail to provide a signed report from Gordon P. Baker, M.D., (her

17  identified expert witness).  Dkt. 47.

18      Olympic moves for summary dismissal of Judy Grant's claims, arguing that:  1) Grant has failed to

19  provide any expert opinions linking her medical complaints to the conditions of the apartment complex

20  during her tenancy, and 2) no Fed. R. Civ. P. 26(a) expert opinion report from Dr. Baker has been received

21  by Defendants.  Dkt. 45.

22      Olympic moves for summary dismissal of Diana House's claims, arguing that:  1) House has failed

23  to provide any expert opinion linking her medical complaints to the conditions of the apartment complex

24  during her tenancy, and 2) no Fed. R. Civ. P. 26(a) expert opinion report from Dr. Baker has been received

25  by Defendants.  Dkt. 49.

26      Olympic moves for summary dismissal of Susan Matthews' claims, arguing that:  1) Matthews has

27  failed to provide any expert opinion linking her medical complaints to the conditions of the apartment

28  complex during her tenancy, and 2) no Fed. R. Civ. P. 26(a) expert opinion report from Dr. Baker has been

1  received by Defendants.  Dkt. 51.

2  Olympic moves for summary dismissal of Angela Creel's claims, arguing that: 1) she has failed to

3  prosecute her suit against Olympic because she has failed to sign a release permitting the defense to obtain

4  her medical records, 2) she has failed to identify which medical conditions she has, and 3) has failed to

5  provide any expert opinion linking her medical complaints to the conditions of the apartment complex

6  during her tenancy.  Dkt. 38.

7  Olympic makes no motion regarding Michelle Cory.

8  Olympic moves for summary dismissal of Jeff Rowling's claims, arguing that: 1) he has failed to

9  prosecute his suit against Olympic because he has failed to sign a release permitting the defense to obtain

10  his medical records, 2) he has failed to identify his medical conditions, 3) has failed to provide any expert

11  opinion linking his medical complaints to the conditions of the apartment complex during his tenancy, 4) no

12  Fed. R. Civ. P. 26(a) expert opinion report from Dr. Baker has been received by Defendants, and 5) his

13  claim is time barred by the three year statute of limitations because he knew of the mold and believed that it

14  was causing him illness in 2000 and 2001, but did not file suit until 2004.  Dkt. 53

15  Olympic moves for summary dismissal of Brenda Rowling's claims, arguing that: 1) she has failed

16  to prosecute her suit against Olympic because she has failed to sign a release permitting the defense to

17  obtain her medical records, 2) she has failed to identify her medical conditions, 3) she has failed to provide

18  any expert opinion linking her medical complaints to the conditions of the apartment complex during her

19  tenancy, and 4) her claims are time barred.  Dkt. 36.

20  Olympic moves for summary dismissal of Charles Doonan's claims, arguing that: 1) other than his

21  deposition testimony, there is no evidence that Doonan ever resided at the apartment complex, 2) he has

22  failed to prosecute his suit against Olympic because he has failed to sign a release permitting the defense to

23  obtain his medical records, 3) he has failed to identify his medical conditions, 4) has failed to provide any

24  expert opinion linking his medical complaints to the conditions of the apartment complex during his

25  tenancy, 5) no Fed. R. Civ. P. 26(a) expert opinion report from Dr. Baker has been received by

26  Defendants, and 6) his claims are time barred.  Dkt. 40.

27  Olympic moves for summary dismissal of Thara Eang and Crystal Eang's claims, arguing that:  1)

28  their claims are time barred, 2) they have failed to provide any expert opinion linking their medical

1   complaints to the conditions of the apartment complex during their tenancy, and 3) no Fed. R. Civ. P.

2   26(a) expert opinion report from Dr. Baker has been received by Defendants.  Dkt. 43.

3        Ocean Shores joins in each of Olympic's Motions for Summary Judgment.  Dkt. 59.

4        Plaintiffs respond by making a Fed. R. Civ. Pro. 56(f) motion.  Dkt. 61.  Plaintiffs ask the Court to

5   continue the Motions for Summary Judgment and the discovery deadline (currently set for July 23, 2007)

6   to September 14, 2007.  Dkt. 61.  Plaintiffs relate that allergist Gordon Baker, M.D.'s deposition is

7   scheduled for July 20, 2007.  *Id.* at 3.  Plaintiffs state that they have provided Defendants a part of the

8   causation evidence: expert opinions, made after physical investigations of the apartment complex, conclude

9   that higher then healthy levels of mold and methamphetamine exist in the relevant units.  *Id.*  Plaintiffs

10  request more time to give Dr. Baker sufficient opportunity to review the medical records, physical

11  inspection reports, and other documentation and make his own conclusions regarding the cause of

12  Plaintiffs' medical conditions.  *Id.* at 5.  Plaintiffs counsel state that they now have the medical release for

13  Charles Doonan, but still have not been able to secure the signatures of Angela Creel, Jeff Rowling, and

14  Brenda Rowling.  *Id.* at 6.

15       Olympic opposes the Rule 56(f) Motion and Motion for a Continuance.  Dkt. 67.  Olympic argues

16  that: 1) a continuance would be futile as there is no proof of a causal connection between tenancy at the

17  apartment complex and any of the Plaintiffs' medical conditions, 2) the Motions for Summary Judgment

18  were noted for July 20, 2007 by agreement with Plaintiffs' counsel, 3) Plaintiffs have failed to identify any

19  factual information that needs to be obtained that could not be obtained in the last three years, 4) the

20  Summary Judgment Motions as to Plaintiffs Doonan, Rowling, and Eng are that their claims are time

21  barred, which is irrelevant to the issue of medical causation, 5) no medical release has been received for

22  either Plaintiff Creel or Doonan, and 6) the pending depositions are irrelevant to the motion for a

23  continuance.  Dkt. 67.

24       Ocean Shores also opposes the motions, arguing that:  1) Plaintiffs do not meet their burden under

25  Rule 56(f), and 2) Plaintiffs have not been diligent in their discovery.  Dkt. 66.

26       Plaintiffs reply that:  1) the continuance is proper under Rule 56(f) because Plaintiffs have met their

27  burden, 2) Plaintiffs counsel has been diligent in discovery, 3) Doonan and Engs' claims are not barred by

28  the statute of limitations for damages arising under a written contract, 4) established principles favor a

1  continuance, and 5) the Court's order dismissing the United States as a party in this action presents an

2  issue of jurisdiction.  Dkt. 70.

3      This opinion will first address the question of whether the Court has jurisdiction, secondly, whether

4  a continuance in the discovery deadline is warranted, and lastly, whether Plaintiffs' Rule 56(f) motion

5  should be granted.

## II.   DISCUSSION

### A.   JURISDICTION

8      Pursuant to 28 U.S.C. § 1442, this Court has jurisdiction over this matter because the United States

9  is a Defendant.  To date, the United States has not been dismissed from this action.  The Court's recent

10  order dismissed Olympic's cross claim against the United States.  Dkt. 64.  It did not, however, address the

11  Plaintiffs' claims against the United States or United States' cross claims against Olympic or Ocean Shores.

12  Although Plaintiffs have filed a Motion to Dismiss the United States Without Prejudice, noted for

13  consideration July 25, 2007 (Dkt. 65), this Court presently has jurisdiction over the case.

### B.   MOTION TO CONTINUE

15      Fed. R. Civ. P. 6(b) permits the Court to enlarge the period of time given to respond to an order of

16  the Court for cause shown.  Plaintiffs have sufficiently shown cause for an extension of the discovery

17  deadline in the interest of fully and fairly addressing the merits of this matter.  However, being mindful that

18  the case was originally filed in 2004, the discovery deadline should be extended from July 23, 2007 to only

19  August 24, 2007.  Additionally, in order to give Defendants adequate time to prepare a defense, Plaintiffs

20  should provide Dr. Baker's 26(a) report, in so far as it can be prepared, by July 19, 2007.  If a supplement

21  to Dr. Baker's report is required, it should be provided by August 3, 2007 and he may be further deposed

22  regarding any supplement.  If Defendants require more time to acquire a rebuttal expert, as is implied in

23  Olympic's response, they may apply to the Court and the issue will be considered, if the parties can not

24  agree.  Moreover, Plaintiffs Rowlings and Creel should provide the medical release forms by July 20, 2007

25  or risk sanctions, including dismissal of their claims.  The Court notes that signed medical release forms

26  from Charles Doonan are found in the record.  Dkt. 62, at 7-8.  Plaintiffs' counsel should provide a copy to

27  Defendants.  Plaintiff's Motion for a Continuance of Discovery Deadline should be granted.  The

28  dispositive motions deadline of August 21, 2007 should be continued to August 31, 2007.  No change to

the November 19, 2007 trial date is justified at this time.

### C.    RULE 56(f) MOTION

Fed. R. Civ. P. 56(f) provides,

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or to be had or may make such other order as is just.

"[D]enial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *VISA International Service Ass'n v. Bank Card Holders of America*, 784 F.2d 1472, 1475 (9th Cir. 1986).

Plaintiffs' Rule 56(f) motion should be granted and Olympic's Motions for Summary Judgment, joined by Ocean Shores, should be continued to August 21, 2007. Plaintiffs filed their 56(f) motion July 5, several days before their Response was due, making their application timely. Plaintiffs have specifically identified the factual information on causation that is required, and have identified the source of the information, Dr. Baker. Dr. Baker should be given time to review all eleven Plaintiffs' medical records and the other relevant materials in order to make his own conclusions regarding causation. Moreover, in light of the current record, there is some basis for believing that the evidence on causation actually exists.

The Court is aware and approves of the professional courtesy that Olympic's counsel extended to Plaintiffs's then counsel, Jerrilynn Hadley, in noting the Motions for Summary Judgment two weeks later than is required by the Rules. However, it appears that Ms. Hadley has moved, and other members of her firm are taking over the case. A short extension of time to acquire discovery is reasonable.

Defendants' arguments that some of the Plaintiffs' claims may be time barred may have merit. However, in an effort to address all of the issues raised in the Summary Judgment Motions of those Plaintiffs, a short extension of time is warranted.

Defendants Olympic and Ocean Shores should withdraw any of these Motions for Summary Judgment if they are not justified by the evidence on or before August 21, 2007.

### D.    COURT'S COMMENT

This case, filed in 2004, should have been resolved by settlement or trial long ago - certainly by the end of 2005. Because of the case's age, counsel can expect that as long as the case is in this Court, it will

be treated as a priority in all ways.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiffs' Motion for Continuance of Discovery Deadline (Dkt. 61) is **GRANTED**, the new discovery deadline is **August 24, 2007**, the new Dispositive Motions Deadline is **August 31, 2007**;

- Plaintiffs shall provide Dr. Baker's 26(a) report to Defendants, in so far as it can be prepared, by **July 19, 2007.** If a supplement to Dr. Baker's report is required, it shall be provided by **August 3, 2007**, and he may be further deposed regarding any supplement.

- Plaintiffs Doonan, Rowlings, and Creel shall provide the medical release forms to Defendants by **July 20, 2007** or risk sanctions, including dismissal of their claims.

- Plaintiffs' Motion for Continuance of Defendant Olympic Management's Motions for Summary Judgment (Dkt. 61) is **GRANTED**, and Olympic's Summary Judgment Motions (Dkts. 36, 38, 40, 43, 45, 47, 49, 51, and 53) are **CONTINUED** to **August 21, 2007.**

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this _17th_ day of July, 2007.

Robert J Bryan
United States District Judge